UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HARRY GROTH, et al, | ) |
| Plaintiffs, | ) Case No. 1:07-cv-962 |
| v. | ) Honorable Janet T. Neff |
| ROBERT BOSCH CORPORATION | ) **PROTECTIVE ORDER** |
| Defendants. | ) |

This is a putative class action brought under Rule 23(b)(2) on behalf of a class of retirees for breach of a collective bargaining agreement allegedly guaranteeing lifetime health care benefits. Plaintiffs have moved for a protective order quashing deposition subpoenas directed to absent class members, pursuant to which defendant seeks to discover the financial status and health situation of each deponent. Defendant has already taken approximately ten depositions of absent class members and has issued subpoenas for over forty more. Defendant opposes the motion, arguing that discovery of absent class members is relevant to the question whether defendant's proposed increase in health care premiums to its retirees would cause them irreparable harm, an issue pertinent to plaintiffs' contemplated motion for preliminary injunctive relief against the contemplated premium increase. Upon order of reference from Judge Janet Neff, I heard plaintiffs' motion on July 9, 2008.

Discovery from absent class members is not warranted as a matter of course. *See Brennan v. Midwestern Life Ins. Co.*, 450 F.2d 999, 1005 (7th Cir. 1971); *Rogers v. Baxter Int'l, Inc.*,

2007 WL 2908829 at *1 (N.D. Ill. Oct. 4, 2007). A defendant must receive leave of court to conduct discovery of absent class members. See *Clark v. Universal Builders, Inc*. 501 F.2d 324, 340 (7th Cir. 1974); *Baldwyn & Flynn v. Nat'l Safety Assoc.,* 149 F.R.D. 598, 600 (N.D. Cal. 1993). The court must keep in kind that one of the principal advantages of class actions "would be lost if all class members were routinely subject to discovery." *Rogers*, 2007 WL 2908829 at *1 (quoting MANUAL FOR COMPLEX LITIGATION §21.141 (4th Ed. 2004). The party seeking discovery therefore has the burden of showing the necessity of its proposed discovery. *Clark,* 501 F.2d at 341. Because of the intrusive nature of depositions, "the burden confronting the party seeing deposition testimony should be more severe than that imposed on the party requesting permission to use interrogatories." *Id*. The court should only allow discovery of absent class members upon a showing of "particularized need," *see In re Carbon Dioxide Indus. Antitrust Lit.*, 155 F.R.D. 209, 212 (M.D. Fla 1993), which generally requires a demonstration that the discovery is addressed to common issues (as opposed to individual issues), that it is not designed to force class members to opt out, and that it would not impose an undue burden or require the deponent to seek legal or technical assistance to respond. See *Collins v. Int'l Dairy Queen*, 190 F.R.D. 629, 631 (M.D. Ga 1999); *McCarthy v. Paine Webber Group*, 164 F.R.D. 309, 313 (D. Conn. 1995).

In the present case, defendant did not seek leave of court before beginning its campaign to depose numerous putative class members, even before a class has been certified. The deposition subpoenas were extremely burdensome, both in the scope of the documents demanded and in the intrusive nature of the interrogation. Some class members chose to avoid being deposed by giving defendant an affidavit conceding the lack of irreparable harm. Defendants questioned other deponents concerning their income, assets (including real estate, stocks, and other investments) as

well as their health history.  Defendant made no prior showing of particularized need to justify this exercise.  Even if defendant had attempted to do so, it is unlikely that the court would have approved the taking of depositions, as the burden of justifying this form of discovery is quite high.  *See Clark*, 501 F.2d at 341.  Furthermore, a detailed inquiry into the financial and health status of all 900 putative class members does not appear necessary in this case in any event.  Defendant's attempt to force an individualized showing of irreparable harm is not supported by Sixth Circuit authority, which does not impose a high burden upon plaintiffs to establish irreparable harm in these kinds of cases.  See *Yolton v. El Paso Tenn. Pipeline Co.*, 435 F.3d 571, 584 (6th Cir. 2006); *Golden v. Kelsey-Hayes Co.*, 73 F. 3d 648, 657 (6th Cir. 1996); *accord, Wood v. Detroit Diesel Corp.*, 213 F. App'x 463, 472 (6th Cir. 2007) ("Indeed, the hardship, financial and emotional, that a new monthly expense of $260 to $834 would pose for most working class retirees hardly requires substantiation."). Consequently, even in the absence of a special rule requiring a showing of particularized need, this court would likely prohibit depositions of this nature under the balancing approach of Rule 26(b)(3). By resorting to self-help without leave of court, defendant has now procured for itself a factual basis to make whatever argument it deems appropriate concerning the lack of universal irreparable harm to the class.  Accordingly:

        IT IS ORDERED plaintiff's motion for protective order (docket #26) is hereby GRANTED.  Defendant shall not conduct any further discovery of unnamed class members without leave of court or a written stipulation approved by the court.

        DONE AND ORDERED this 9th day of July, 2008.

        /s/  Joseph G. Scoville
        United States Magistrate Judge